IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATEO AVINA CASTILLO,<br><br>　　　　　　Petitioner,<br>　　v.<br><br>N. DAWSON, WARDEN,<br><br>　　　　　　Respondent. | 1:08-cv-0639 AWI WMW HC<br><br>ORDER DENYING REQUEST<br>FOR STAY NUNC PRO TUNC<br><br>[Doc. 8] |

　　　　Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 . The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　　　On June 30, 2008, Respondent filed a request for stay of the proceedings pending the Ninth Circuit's en banc review in Hayward v. Marshall, 512 F.3d 536 (9th Cir.2008), *reh'g en banc granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008). Petitioner did not file a response to the request.

## DISCUSSION

　　　　As Respondent notes, the Ninth Circuit has acknowledged that this Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."

Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 863 (9th Cir.1979). However, the Ninth Circuit has also determined that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." Yong v. Immigration and Naturalization Service, 208 F.3d 1116, 1119 n. 2 (9th Cir.2000). In addition, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Yong, 208 F.3d at 1120. "Special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id., *quoting* Fay v. Noia, 372 U.S. 391, 400 (1963). In Yong, the Ninth Circuit addressed an analogous situation where the district court issued a stay pending a decision from the Supreme Court. The Ninth Circuit found that although considerations of judicial economy are appropriate, they cannot justify an indefinite and potentially lengthy stay of a habeas proceeding. Id. at 1120-21. Consequently, the Ninth Circuit ruled the district court abused its discretion in granting a stay.

In this case Respondent asks the Court to stay the proceedings pending a decision in Hayward. Like Yong, such a stay would be lengthy. As well, this is a habeas proceeding and therefore implicates special considerations that limit the Court's authority to issue a stay. But more importantly, as Petitioner points out, there is ample binding precedent from the Ninth Circuit other than Hayward which bear on the issues in the petition. See Superintendent v. Hill, 472 U.S. 445, 457 (1985); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.2003); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir.2006); Irons v. Carey, 505 F.3d 846, 851 (9th Cir.2007). Pursuant to Yong, this Court has no authority to await a further ruling from the Ninth Circuit before applying these binding precedents. 208 F.3d at 1119 n. 2.

Accordingly, IT IS HEREBY ORDERED that Respondent's motion for stay is DENIED nunc pro tunc to December 8, 2008.

IT IS SO ORDERED.

**Dated:     January 22, 2009**              /s/  William M. Wunderlich
                                             UNITED STATES MAGISTRATE JUDGE