IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATEO AVINA CASTILLO, | ) | 1:08-cv-0639 AWI WMW HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS AND |
| N. DAWSON, WARDEN, | ) | DISMISSING PETITION |
| | ) | |
| Respondent. | ) | [Doc. 10, 11] |
| | ) | |
| | ) | |

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 . The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. On July 22, 2008, the respondent filed a motion to dismiss on the basis that Petitioner's petitioner was barred by the statute of limitations.

On December 8, 2008, the Magistrate Judge filed findings and recommendations herein. The findings and recommendations found that the statute of limitations had run on March 18, 2006. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. Petitioner filed objections on December 29, 2008.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454

(9th Cir. 1983). Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections to the Magistrate Judge's findings and recommendations, Petitioner asserts that he was not aware that Respondent had filed a motion to dismiss in this case. Petitioner also asserts that he was waiting for the court to rule on Respondent's request for a stay, which was pending at the time the motion to dismiss was filed. In the interest of justice, the court will now consider Petitioner's arguments opposing the motion to dismiss, raised for the first time in his objections to the findings and recommendations.

As set forth in the Magistrate Judge's findings and recommendations, the Board of Parole Hearings ("the Board") found Petitioner unsuitable for parole in November 2004. The Board's decision became final on March 17, 2005. In opposition to the motion to dismiss, Petitioner contends that he is entitled to equitable tolling for the period between March 17, 2005, and January 30, 2007. Petitioner argues that in his hearing before the Board in November 17, 2004, the Board recommended that Petitioner have his family look for a transitional living facility, where Petitioner could stay upon his eventual release from prison. Petitioner also argues that, beginning in July 2006, three Classification Committees recommended that he be referred to a facility where he could be given a full psychological and psychiatric evaluation. Thereafter, however, in a document dated January 12, 2007, a fourth Classification Committee rescinded the prior recommendations that Petitioner be referred for this evaluation. Petitioner states that it was at that time that it "became obvious that the CDCR (a State Agency and petitioner's custodian) could not fulfill its obligation" to him, which caused him to seek relief via a petition for writ of habeas corpus to the Tulare County Superior Court.

This series of events occurred after the Board's denial of parole to Petitioner, and are not among the grounds for relief listed in the petition, each of which addresses an aspect of the denial. These post-denial events described by Petitioner do not constitute "extraordinary circumstances" beyond Petitioner's control that made it impossible for the petition to be filed on time. The court finds, therefore, that they do not support equitable tolling of the statute of

limitations.  See Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998).  The court thus finds that Petitioner's objections to the findings and recommendations lack merit.

Based on the foregoing, it is HEREBY ORDERED  that:

1. The findings and recommendations issued by the Magistrate Judge on December 8,  2008, are adopted in full;
2. The petition for writ of habeas corpus is dismissed as barred by the statute of limitations; and
3. The Clerk of the Court is directed to enter  judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:     **January 22, 2009**                              **/s/ Anthony W. Ishii**
                                                                            CHIEF UNITED STATES DISTRICT JUDGE

3